IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CV-132-D

| | |
|---|---|
| TERESA COLE ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Teresa Cole Rogers ("plaintiff" or "claimant") challenges the final decision of defendant Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying her applications for a period of disability and disability insurance benefits ("DIB") on the grounds that she is not disabled. The case is before the court on the respective parties' motions for judgment on the pleadings. (D.E. 20, 22). Each party filed a memorandum in support of its motion. (D.E. 21, 23). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.E. 24). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

I.  BACKGROUND

   A.   Case History

Plaintiff filed an application for DIB on 6 May 2009, alleging a disability onset date of 13 June 2006. Transcript of Proceedings ("Tr."), *e.g.*, 10. The application was denied initially and upon reconsideration, and a request for hearing was timely filed. Tr., *e.g.*, 10. On 2 June 2011, a

video hearing was held before an Administrative Law Judge ("ALJ"). Tr. 22-50. In a written decision dated 26 July 2011, the ALJ found that plaintiff was not disabled and therefore not entitled to DIB. Tr. 10-17. Plaintiff timely requested review by the Appeals Council. Tr. 6. The Appeals Council denied the request for review on 23 March 2013.[1] Tr. 1-4. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff commenced this proceeding for judicial review on 18 May 2012, pursuant to 42 U.S.C. § 405(g). (*See* Compl. (D.E. 1)).

B. **Standards for Disability**

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

---

[1] The Appeals Council admitted one exhibit (Tr. 526-27), but it is a copy of an exhibit already in the record (Tr. 524-25). *See* Tr. 5.

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [§ 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available to the claimant in the national economy. *Id.*

### C. Findings of the ALJ

Plaintiff was 45 years old on the alleged onset date of disability and 50 years old on the date of the administrative hearing. Tr. 16 ¶ 7; 26. She testified that she has a college degree. Tr. 26; *see also* Tr. 16 ¶ 8. She has past work as an elementary art teacher. Tr. 15 ¶ 6; 26.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. Tr. 12 ¶ 2. At step two, the ALJ found that plaintiff had one medically determinable impairment

that was severe within the meaning of the Regulations: reactive airways disease. Tr. 12 ¶ 3; *see* 20 C.F.R. § 404.1520(c). At step three, the ALJ found that plaintiff's impairment did not meet or medically equal any of the listings. Tr. 13 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform a full range of work at all exertional levels subject to the nonexertional limitation[2] that she have no concentrated exposure to fumes and dust. Tr. 13 ¶ 5. Based on this RFC, the ALJ found at step four that plaintiff was not capable of performing her past relevant work. Tr. 15 ¶ 6. At step five, the ALJ found that there were jobs in the national economy existing in significant numbers that plaintiff could perform under the framework of § 204.00 of the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2 ("Guidelines"), and Soc. Sec. Ruling 85-15, 1985 WL 56857, at *1, 8 (1 Jan. 1985). Tr. 16 ¶ 10. The ALJ accordingly concluded that plaintiff was not disabled. Tr. 16 ¶ 11.

## II.   DISCUSSION

### A.   Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775

---

[2] Nonexertional limitations are "[l]imitations or restrictions which affect your ability to meet the demands of jobs other than the strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing or pulling." 20 C.F.R. § 404.1569a(a). Conversely, exertional limitations are those which "affect only your ability to meet the strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling)." *Id.* § 404.1569a(b).

(4th Cir. 1972). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Id.* at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

B.    **Overview of Plaintiff's Contentions**

Plaintiff contends that the ALJ erred in assessing the opinion of her treating pulmonologist, Brian J. Gilmore, M.D., that she was disabled and relying on Guidelines § 204.00 and Soc. Sec. Ruling 85-15 at step five of the sequential analysis. Plaintiff makes the additional contention that any remand ordered should be for the purpose of the calculation and award of benefits, rather than reconsideration of whether plaintiff was disabled. Because the court finds

5

the issue of the ALJ's reliance on Guidelines § 204.00 and Soc. Sec. Ruling 85-15 to be dispositive of this appeal, it addresses below only that issue and the scope of the recommended remand.

### C. ALJ's Reliance on Guidelines § 204.00 and Soc. Sec. Ruling 85-15, and Scope of Remand

Soc. Sec. Ruling 85-15 provides that when an individual has only a nonexertional impairment, such as an environmental limitation as here, the Guidelines provide a framework for determining the extent to which such limitation reduces the work available to the individual in the national economy. Soc. Sec. Ruling 85-15, 1985 WL 56857, at *1. The Guidelines provide a framework in that they do not direct conclusions of disabled or not disabled. *Id.* "Conclusions must, instead, be based on the principles in the appropriate sections of the regulations, giving consideration to the rules for specific case situations in Appendix 2 [*i.e.*, the Guidelines]." *Id.*

The section of the Guidelines that specifically addresses environmental limitations is § 204.00.[3] It states that "[e]nvironmental restrictions ordinarily would not significantly affect the range of work existing in the national economy for individuals with the physical capability for heavy work (or very heavy work)." Guidelines § 204.00. Having the capacity to perform heavy

---

[3] Section 204.00 reads in its entirety as follows:

> 204.00 Maximum sustained work capability limited to heavy work (or very heavy work) as a result of severe medically determinable impairment(s). The residual functional capacity to perform heavy work or very heavy work includes the functional capability for work at the lesser functional levels as well, and represents substantial work capability for jobs in the national economy at all skill and physical demand levels. Individuals who retain the functional capacity to perform heavy work (or very heavy work) ordinarily will not have a severe impairment or will be able to do their past work–either of which would have already provided a basis for a decision of "not disabled". Environmental restrictions ordinarily would not significantly affect the range of work existing in the national economy for individuals with the physical capability for heavy work (or very heavy work). Thus an impairment which does not preclude heavy work (or very heavy work) would not ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though age, education, and skill level of prior work experience may be considered adverse.

Guidelines § 204.00.

or very heavy work is equivalent to having no exertional impairments, as found for plaintiff here, since "[t]he [RFC] to perform heavy work or very heavy work includes the functional capability for work at the lesser functional levels as well." *Id.*; *see also* Soc. Sec. Ruling 85-15, 1985 WL 56857, at *2 ("Section 204.00 . . . states that environmental restrictions ordinarily would not significantly affect the range of work existing in the national economy for individuals with the physical capability for heavy work (or very heavy work); i.e., *with no medically determinable impairment which limits exertion*." (emphasis added)).

Soc. Sec. Ruling 85-15 provides specific guidance on application of the principle enunciated in § 204.00 that ordinarily environmental limitations do not significantly reduce the range of work for an individual with no exertional impairments, such guidance being based on the permissible level of exposure for the individual:

> Where a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc.
>
> Where an individual can tolerate very little noise, dust, etc., the impact on the ability to work would be considerable because very few job environments are entirely free of irritants, pollutants, and other potentially damaging conditions.
>
> Where the environmental restriction falls between very little and excessive, resolution of the issue will generally require consultation of occupational reference materials or the services of a VS [*i.e.*, vocational specialist].

Soc. Sec. Ruling 85-15, 1985 WL 56857, at *8 ¶ 5.

Here, the ALJ found that plaintiff needed to avoid only concentrated exposure to fumes and dust. Tr. 13 ¶ 5. Using § 204.00 and Soc. Sec. Ruling 85-15 as a framework, he reasoned that plaintiff was not disabled because this limitation equated to a restriction at the excessive level and would not significantly reduce the work available to her. The ALJ stated:

> The claimant's ability to perform work at all exertional levels has been compromised by nonexertional limitations. However, these limitations have little

> or no effect on the occupational base of unskilled work at all exertional levels. A finding of "not disabled" is therefore appropriate under the framework of section 204.00 in the [Guidelines] and Social Security Ruling 85-15. The Ruling cited provides that a restriction against excessive amounts of dust, etc., does not have a significant effect on work that exists at all exertional levels. Therefore, the concentrated environmental limitations would have a minimal impact on the broad world of work.

Tr. 16 ¶ 10.

Plaintiff advances a number of arguments why it was error for the ALJ to rely on Guidelines § 204.00 and Soc. Sec. Ruling 85-15 that are plainly baseless. She argues, for example, that the Guidelines do not apply because they do not direct a conclusion of disabled or not disabled. But that is inherent in their use as a framework. She also contends that Guidelines § 204.00 is inapplicable because it expressly relates solely to work at the heavy or very heavy exertional levels. As indicated, though, the ability to do work at those levels includes the ability to do work at all the lower levels and is equivalent to having no exertional impairment.

Plaintiff further argues that the ALJ should have been guided by Guidelines § 200.00(e)(1), (2). But Guidelines § 200.00(e)(1) states, in almost identical language, the same principle set out in Soc. Sec. Ruling 85-15, as quoted above, that when an individual has only a nonexertional impairment the determination as to whether disability exists must be "based on the principles in the appropriate sections of the regulations, giving consideration to the rules for specific case situations in this appendix 2." Guidelines § 200.00(e)(1). Guidelines § 200.00(e)(2) by its express terms applies when an individual has both exertional and nonexertional limitations. Plaintiff, of course, has been found to have only a nonexertional impairment.

The court nonetheless finds the ALJ erred by relying solely on Guidelines § 204.00 and Soc. Sec. Ruling 85-15 to determine the availability to plaintiff of a significant number of jobs in

8

Case 7:12-cv-00132-D   Document 25   Filed 05/02/13   Page 8 of 11

the national economy. Instead, he should have used occupational reference material and/or a vocational expert to assist him in making that determination.

The principal reason is the evidence of record that a broad range of airborne irritants trigger plaintiff's attacks of reactive airways disease. The evidence includes a separate list of over 50 of these irritants (Tr. 201)[4] and her testimony about this list (Tr. 32-34). She also introduced and testified about a list of each attack she claims she had from 27 October 2004 to 30 May 2011 and, if known, the irritant triggering the attack. (Tr. 34 (testimony), 174-96 (list of attacks)). Not only are these known triggers numerous (even accounting for some overlap), but many are substances commonly found in work environments. There have also been numerous attacks for which plaintiff did not identify a trigger. *See* Tr. 174-96. The reported frequency of her attacks, 10 to 15 per month, notwithstanding the efforts she makes to avoid the known triggers, tends to substantiate the multiplicity and ubiquity of the triggers for her attacks. *See* Tr., *e.g.*, 195-96, 506, 507, 511, 524. In light of this evidence, the ALJ could not properly rely solely on the administrative finding in Soc. Sec. Ruling 85-15 that "the impact [of plaintiff's impairment] on the broad world of work would be minimal." Soc. Sec. Ruling 85-15, 1985 WL 56857, at *8 ¶ 5. Rather, evidence and a corresponding explanation were required on the extent to which, if any, the apparent multiplicity and ubiquity of these triggers limited the work available to plaintiff.

In making this determination, the court is acutely aware that, absent the environmental limitation, the occupational base available to plaintiff is indeed broad, given her lack of any

---

[4] The items listed are: air fresheners, floor cleaners, deodorants, diesel exhaust (bus/car), plastics, fabric softener (scented), roofing smells, road work smells, gasoline smells, glues/adhesives, hair dyes/bleach, hair relaxers, hair gels/sprays, marking pens, dry erase pens, dry board cleaner, nail polish, nail polish remover, spray paint, oil based paints, perfumes, hand sanitizers, permanent markers, bleach, bug repellent, suntan lotions, new carpet, hand wipes (alcohol), washing detergent (scented), polyurethane, varnish, shellac, window cleaners, mold, glazes for clay, cut grass, clay dust, sawdust/wood, body washes, hair products, dust, fumes, antibacterial soaps, cold air, high humidity, pollen, burned smells (from, *e.g.*, kiln, laminator, and radiators), cosmetics, colognes, pine scents, chalk pastels, smoke, Icy Hot, mulch/pine bark, leather smells, and cleaning products. Tr. 201.

9

exertional impairments and her age, education, and prior work experience. Nevertheless, at step five of the sequential analysis, the Commissioner bears the burden of showing that there are a significant number of jobs available to plaintiff in the national economy. The court finds that in light of the evidence regarding the triggers for plaintiff the government has failed to make this showing by substantial evidence. *See Streight v. Barnhart*, No. C05-0133, 2006 WL 4023792, at *13-14 (N.D. Iowa 2 June 2006) (holding that where a claimant limited to sedentary work must avoid concentrated exposure to fumes the Commissioner must produce expert vocational testimony or other similar evidence establishing that there are jobs available to the claimant and cannot rely solely on the Guidelines). As noted by one circuit court, "where a claimant has an intolerance for atmospheric pulmonary irritants, special consideration is required, above and beyond a mechanical application of the Guidelines." *Asher v. Bowen*, 837 F.2d 825, 828 (8th Cir. 1988) (remanding for further testimony such as that of a vocational expert and findings regarding the extent to which the claimant's respiratory impairment limited the sedentary occupational base) (collecting cases including *Roberts v. Schweiker*, 667 F.2d 1143, 1145 (4th Cir. 1981)).

Although plaintiff asks that the court remand this case for the calculation and award of benefits, remand for this purpose is inappropriate. Among other reasons, the record does not establish plaintiff's entitlement to benefits as a matter of law. *See Hines v. Barnhart*, 453 F.3d 559, 567 (4th Cir. 2006) (citing *Crider v. Harris*, 624 F.2d 15, 16-17 (4th Cir. 1980)).

As part of the remand, the Commissioner shall reconsider, in light of the evidence of the triggers for plaintiff, the level of exposure to fumes and dust she must avoid. The findings on remand should explain expressly the weight accorded the evidence of plaintiff's triggers with respect to the determination of her exposure limit. In the event the Commissioner again finds

that plaintiff must avoid exposure only at the concentrated level, the need for clear explanation is enhanced by the fact that the only physician opinions relating to exposure level either implicitly or explicitly support a level lower than concentrated exposure. The opinion of plaintiff's pulmonologist, Dr. Gilmore, does so implicitly by finding that plaintiff's impairment is disabling even in the course of her activities of daily living and her efforts to avoid triggers. *See* Tr. 524-25. The two consulting, nonexamining physicians who assessed plaintiff's physical RFC found expressly that she was limited to moderate exposure. Tr. 438, 502.

### III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 20) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 22) for judgment be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have until 16 May 2013 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections shall be filed within 14 days after service of the objections on the responding party.

This, the 2nd day of May 2013.

_____
James E. Gates
United States Magistrate Judge